**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAKISHA D. DONALDSON )<br>Plaintiff, )<br>*v.* )<br> )<br>AMERICAN POSTAL WORKERS )<br>HOUSE (APWH), Residential Property )<br>PHILADELPHIA POSTAL UNION )<br>HOUSING CORPORATION, d/b/a, alias )<br>801 RESIDENCE, LP Residential Property )<br>SAMUEL A. BERGER, Owner )<br>HENRY A. BERGER, Owner )<br>COMMUNITY REALTY MANAGEMENT )<br>INC., Property Management Company )<br>AMERICAN POSTAL WORKERS HOUSE)<br>ASSOCIATES LP Property Management )<br>BERGER ASSOCIATES LLC, )<br>ROBERT BERGER, Property Manager )<br>JOSEPH BERGER, Property Manager )<br>NAKEISHA SIMMONS, Property Manager )<br>ERICA JOHNSON, Property Manager )<br>MAX BERGER, Owner Representative )<br>HUDSON VALLEY PROPERTY GROUP )<br>Property Owner )<br>Defendants. )<br> ) | CIVIL ACTION No. _____<br><br>Civil Action for: Disability Discrimination<br>Fair Housing Act (FHA), Americans With<br>Disabilities Act (ADA), Punitive Damages,<br>Injunctive Relief<br>Pennsylvania State-related claims:<br>negligence, negligence per se, intentional<br>and gross infliction of emotional distress,<br>defamation.<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION - COMPLAINT

COMES NOW, Plaintiff TAKISHA D. DONALDSON, by and through undersigned

counsel, with this Complaint against the Defendants named above, in this civil action to demand

monetary relief, award of economic and non-economic damages, punitive damages, injunctive or

equitable relief, or any other form of relief deemed just and proper by this Honorable Court, and

does hereby submit the following pleadings of fact and law:

1

## JURISDICTIONAL STATEMENT

1. This Honorable Court has jurisdiction over this civil matter by virtue of a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction over state-based claims, 28 U.S.C. § 1332.

2. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b), where all facts pleaded occurred within this district as they pertain to the actions and/or omissions, management and/or supervision, ownership and/or control of Defendants, hereinafter referred to collectively as "Defendants 801 Residence/APWH, et. al." and the "Landlord", who through their employees and agents are liable to Plaintiff through *respondeat superior*, and in connection with operation of the federally subsidized and regulated low-income, senior, and special needs residential property located at 801 Locust St., Philadelphia, PA.

3. Venue is proper within this District where all contract and covenants entered into, all rights, claims, causes of action, privileges and immunities, damages caused, and injuries suffered by Plaintiff, being pertinent to this cause of action and claimed herein, which arose under federal and state law, occurred within the venue of Philadelphia County.

## PRELIMINARY STATEMENT

4. Defendants 801 Residence/APWH, et. al., are corporate legal entities and individuals, who as employee agents of their employers, are vicariously liable through *respondeat superior,* by virtue of their acting within the scope of employment, and/or are personally liable for any acts or omissions made outside the scope of employment, and/or are jointly and severally liable to Plaintiff.

5. This civil action is brought by Plaintiff against Defendants 801 Residence/APWH, et. al. for violations of federal law under the Fair Housing Act (FHA), 42 U.S.C. §§ 3602, 3604, and 3601-3619, Title III of the Americans with Disability Act (ADA), 42 U.S.C. §§ 12181-12182

for discrimination in housing as to disability, and violations of all federal nondiscrimination statutes, Section 504 of the Rehabilitation Act of 1973, "Section 504", which applies to programs or activities primarily engaged in federally funded activities, by virtue of providing housing to low income, elderly, and special needs persons with disabilities, through means of receiving federal financial assistance, and for operating federally funded activity and program regulated by the federal government through its premiere housing agency, being the U.S. Department of Housing and Urban Development (HUD).

6.  This civil action is brought by Plaintiff for related state-based claims in tort under the Pennsylvania law for negligence, negligence *per se*, gross negligence, intentional and gross infliction of emotional distress, and defamation due to harm to Plaintiff's reputation and HUD case file and disability benefits eligibility with HUD and other agencies.

7.  Defendants 801 Residence/APWH, et. al. are the Landlord who, at all times pertinent to the pleadings, have owned and operated the residential premises at 801 Locust St. as a place of public accommodation under the definitions of the FHA, ADA, and by virtue of operating a federally funded activity or program receiving federal financial assistance under Section 504.

8.  Defendants 801 Residence/APWH, et. al. and their managers, employees, and agents named individually herein, acted with intent to coerce, intimidate, and threaten Plaintiff, and did conspire to act in direct retaliation for Plaintiff's availing herself of her rights under the FHA as defined in 42 U.S.C. § 3617[1], ADA, and Section 504.

9.  Defendants 801 Residence/APWH, et. al. including entities *BERGER ASSOCIATES*, *AMERICAN POSTAL WORKERS HOUSE*, *AMERICAN POSTAL WORKERS HOUSE*

---

[1] Pursuant to 42 U.S.C. § 3617, "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

*ASSOCIATES, LP*, *PHILADELPHIA POSTAL UNION HOUSING CORPORATION*, *801 RESIDENCE*, and *CRM* are liable to Plaintiff under *respondeat superior,* because through the actions of their property managers, employees and agents, each named individually as Defendants herein, and who were at all times acting under their direction, supervision, management and control, within the scope of employment, did cause harm and injury to Plaintiff, violating her rights to be free from disability discrimination of federal law, and liable to her in tort under state law, as described in these factual pleadings made herein.

10. Defendants 801 Residence/APWH, et. al. continue to engage in ongoing violations of the federal nondiscrimination statutes, as part of a pattern and practice of discriminatory actions that began prior to, during, and after the sale or purchase or transfer of ownership of the residential property which, upon information and belief, took place in December 2021, before which time the property and its residential and management functions were under the control, ownership, and management of Defendants Samuel A. BERGER and Henry A. BERGER, as well as Defendants Robert BERGER and Joseph BERGER, and Max BERGER, who are vicariously liable, as Landlords, and personally liable to Plaintiff in state-law tort.

11. Defendants Samuel A. BERGER and Henry A. BERGER, as well as Defendants Robert BERGER and Joseph BERGER, and Max BERGER, and Defendant BERGER ASSOCIATES LLC, shall be referred to herein collectively as, "Berger Defendants."

12. This civil action is timely because the violations of federal law pleaded herein are ongoing and still being committed by Defendants 801 Residence/APWH, et. al. in an ongoing and continuous pattern of discriminatory actions that began with Plaintiff's tenancy, beginning on

or around April 2017, thru to the present time, and persists in violation of state and federal

law mandates.

13. Plaintiff continues to suffer injuries and harm due to a lack of reasonable accommodations

for her disability and as a result of a continuous and ongoing pattern of unlawful misconduct,

and commission of state-law torts committed by Defendants 801 Residence/APWH, et. al.

## THE PARTIES

*I.    Plaintiff is a disabled resident of a federally funded housing program*

14. Plaintiff is a resident of Philadelphia County and a tenant of the federally subsidized

residential property located at 801 Locust St., Apartment 215 Philadelphia, PA 19107, which

was both previously and currently owned and operated, at all times pertinent to the factual

pleadings made herein, by Defendants 801 Residence/APWH, et. al.

15. Plaintiff is a resident of 801 Locust Street, Apt. 215, who, upon information and belief,

commenced residency in April 2017, when she began making grievances and complaints

about the conditions of the property, and now continues to make complaints and grievances

verbally and/or in writing about the same, and who has remained without reasonable

accommodations from April 2017 to the present, in violation of federal disability

anti-discrimination laws, suffering injury as described herein.

*Defendant business entities*

16. Defendants named in the caption above shall be referred to collectively herein as

"Defendants 801 Residence/APWH, et. al."

17. Defendants 801 Residence/APWH, et. al. named herein are business entities operating as

owners, managers, employees, and agents, acting collectively, as landlords, and are jointly

and severally liable to Plaintiff, being responsible for the residential premises where Plaintiff resides, located at 801 Locust Street, Apt 215 Philadelphia, PA 19107.

18. Defendants, Samuel A. *BERGER* and Henry A. *BERGER*, being the former and/or current owners of the residential property named herein as Defendants 801 Residence/APWH, et. al., are liable to Plaintiff for the acts and omissions committed by themselves, their agents or employees, through *respondeat superior*, having caused injury to Plaintiff, including bodily injury, emotional pain and suffering, and deprivation of rights under federal disability laws.

19. Defendants, HUDSON VALLEY PROPERTY GROUP[2], being the current owners of the residential facility located at 801 Locust Street, Philadelphia, PA 19107, whose business address is 200 Vesey St, 24th Floor, New York, NY 10281, are jointly and severally liable to Plaintiff, for all acts and omissions alleged herein in this complaint.

20. Defendants, 801 RESIDENCE L.P., incorporated in Pennsylvania on July 27, 2021, who is affiliated with corporate entity HVPG 801 Residence, LLC, being located at 200 Vesey Street, New York, NY 10281, being upon information and belief, Defendants HUDSON VALLEY PROPERTY GROUP, are jointly and severally liable to Plaintiff for all acts and omissions alleged herein in this complaint.

21. Defendants 801 Residence/APWH, et. al. operate as entities whose primary business function is to act as the building management company, whose primary business operations and functions are located in Philadelphia County and Commonwealth of Pennsylvania, located at 801 Locust Street, Philadelphia, PA 19107, from at least approximately April 2017 and thru to the present time, and during all times pertinent to the pleadings made herein.

22. Defendants *AMERICAN POSTAL WORKERS HOUSE ASSOCIATES, LP*, are the former/current owner operators, and/or a building management company whose primary

---

[2] See www.hudsonvalleypropertygroup.com (last visited May 16, 2023)

business operations and functions are located in Philadelphia County and Commonwealth of Pennsylvania, with management and control over the residential property located at 801 Locust Street, Philadelphia, PA 19107, d/b/a *Philadelphia Postal Union Housing Corporation*, from at least approximately April 2017 thru to the present, and during all times pertinent to the pleadings made herein.

23. Defendants 801 Residence/APWH, et. al. is currently under the management, supervision and control of Defendants *HUDSON VALLEY PROPERTY GROUP*, a New York Corporation, through its local affiliate, partner, and/or subsidiary, Defendants *801 RESIDENCE, LP*, through who is exercises ownership, management, and control over the residential property located at 801 Locust St. Philadelphia, PA., and since approximately December 2021, thru to the present time, and are therefore jointly and severally liable with Defendants 801 Residence/APWH, et. al. to Plaintiff for acts and omissions occurring at all times pertinent to the pleadings, causing injury to Plaintiff.

since approximately December 2021, thru to the present time, and are jointly and severally liable with Defendants 801 Residence/APWH, et. al. to Plaintiff for acts and omissions occurring at all times pertinent to the pleadings, causing injury to Plaintiff.

24. Defendants 801 Residence/APWH, et. al. is currently under the management, supervision and control of Defendant, *COMMUNITY REALTY MANAGEMENT*, a.k.a referred to hereinafter as "*CRM*", since approximately December 2021, thru to the present time, and are jointly and severally liable with Defendants 801 Residence/APWH, et. al. to Plaintiff for acts and omissions occurring at all times pertinent to the pleadings, causing injury to Plaintiff.

25. Defendant _CRM_ is a business entity who operates and manages the residential property located at 801 Locust St. Philadelphia, PA 19107 and whose principal business address and location is 36 S. Main St., Pleasantville, NJ 08232, Atlantic County, New Jersey.

26. Defendants 801 Residence/APWH, et. al. have previously listed their business address on multiple business records as 114 Forrest Ave. Suite 100, Narberth, PA 19072, for example, listing this business address with the U.S. Department of Housing and Urban Development (HUD) and the City of Philadelphia's Department of Licenses & Inspections.

27. Defendants _AMERICAN POSTAL WORKERS HOUSE ASSOCIATES, LP_ are a business and legal entity located at 114 Forrest Avenue, Suite 100, Narberth, PA 19072, being responsible for business operations of Defendants 801 Residence/APWH, et. al., from April 2017 until at least December 2021, and at all other times relevant to Plaintiff's residency, and who are jointly and severally liable with Defendants 801 Residence/APWH, et. al. to Plaintiff for all claims she raises in the factual pleadings made herein.

28. Defendant _BERGER ASSOCIATES, LLC_ is a legal entity whose principal business address, 2701 E. Luzerne St., Philadelphia, PA 19137, Philadelphia County, as listed on business records and as published to federal, state, and local agencies, and is liable to Plaintiff for acts and omissions, that occurred from at least approximately April 2017 to December 2021, and for committing continuing and ongoing violations of federal disability anti-discrimination law and torts under Pennsylvania state law as pleaded herein, and are jointly and severally liable with Defendants 801 Residence/APWH, et. al. to Plaintiff for all claims and injuries claims herein.

29. Defendant _BERGER ASSOCIATES LLC_, a.k.a. "_BERGER AND COMPANY_" with a business address and location listed as 2701 E. Luzerne St., Philadelphia, PA 19137, has directly

reported to and published online by U.S. Department of Housing and Urban Development

(HUD), listed as "Low Income, Elderly and Special Needs Housing." WWW.HUD.GOV



30. Defendants 801 Residence/APWH, et. al., are jointly and severally liable to Plaintiff, for

violations of the federal disability anti-discrimination laws and torts under Pennsylvania state

law as pleaded herein.

   *Defendant employees and agents*

31. Defendant Erica JOHNSON, Property Manager is an employee and agent with supervisorial

responsibilities of Defendants 801 Residence/APWH, et. al. and, upon information and

belief, currently acts as an employee and agent of Defendant *CRM*, since approximately

December 2021.

32. Defendant Nakeisha SIMMONS, Assistant Property Manager is an employee and agent with supervisorial responsibilities of Defendants 801 Residence/APWH, et. al. and acts as an employee and agent of Defendant _CRM_, since approximately December 2021.

33. Defendant Nakeisha SIMMONS, Assistant Property Manager is a former employee and agent with supervisorial responsibilities of Defendants 801 Residence/APWH, et. al., including _BERGER ASSOCIATES_ and _American Postal Worker House Associates, LP_, working as employee and agent from approximately April 2017 thru December 2021.

34. Defendant Robert BERGER, Owner/Property Manager was, at all times pertinent to the pleadings, an agent and employee of Defendant 801 Residence/APWH, et. al., as well as Defendant _BERGER ASSOCIATES_, acting as resident manager with supervisorial responsibilities from approximately April 2017 to December 2021.

35. Defendant Joseph BERGER, Owner/Property Manager was at all times pertinent to the pleadings an employee and agent of Defendant 801 Residence/APWH, et. al., as well as Defendant _BERGER ASSOCIATES_, acting as resident manager with supervisorial responsibilities from approximately April 2017 to December 2021.

36. Defendant Robert BERGER, Owner/Property Manager has personal knowledge of the corporate structure of the owners and operators of Defendants 801 Residence/APWH, et. al., who owned and operated the federally funded and subsidized residential property located at 801 Locust St. Philadelphia, PA 19107, as well as having personal involvement in its daily operations, from approximately April 2017 thru December 2021.

37. Defendant Joseph BERGER, Owner/Property Manager has personal knowledge of the corporate structure of the owners and operators of Defendants 801 Residence/APWH, et. al., who owned and operated the federally funded and subsidized residential property located at

801 Locust St. Philadelphia, PA 19107, as well as having personal involvement in its daily operations, from approximately April 2017 thru December 2021.

## STATEMENT OF FACTS

### *Federally Subsidized Housing*

38. Defendants 801 Residence/APWH, et. al., at all times pertinent to the pleadings, are a federally subsidized rental property, advertising themselves to the public through www.hud.org, for persons who are low income, elderly, special needs, and disabled.

### *Plaintiff is disabled under definitions of federal law*

39. Plaintiff is a disabled person who was born with espina bifida and suffers from fibra myalgia and other ailments which impair her ability to mobilize independently.

40. Plaintiff's disability is plainly visible, depriving her of one or more major life functions.

41. Plaintiff's disability requires her 24/7 use of a motorized or manual wheelchair, both inside and outside her residential unit, at all times, both on and off the residential premises.

42. Plaintiff's disability allows her to temporarily ambulate herself, from time to time.

43. Plaintiff exercised due diligence and reasonable care when mobilizing on and off the premises, and in her residential unit, and when transitioning from her electric or manual wheelchair to other sitting and standing positions.

44. Plaintiff requires immediate access to her motorized wheelchair at all times, for moving inside her residential unit, anywhere outside her unit on the premises, and as well as for ingress and egress when leaving and coming back onto the residential premises of Defendants 801 Residence/APWH, et. al.

### *Adequate Notice of disability*

45. Upon information and belief, Plaintiff began living at 801 Locust St. in April 2017.

46. Plaintiff since the inception of her residency with Defendants 801 Residence/APWH, et. al., and at all times pertinent to the pleadings, made reasonable accommodation requests both verbally and/or in writing, giving her Landlord notice of her disability, which is plainly visible, and which visibly affects her ability to walk and ambulate, and caused her to require 24/7 assistance from a mobility device.

47. Defendants 801 Residence/APWH, et. al., at all times pertinent to the pleadings, were on implied, express, and constructive notice of Plaintiff's disability, special needs, and reasonable accommodation requests, beginning in approximately April 2017 through to the present time.

48. Defendants 801 Residence/APWH, et. al. since April 2017 have failed to provide Plaintiff any reasonable accommodation for her disability.

### *Wanton Disregard of Disability Rights and Misappropriation of Federal Funds*

49. Defendants 801 Residence/APWH, et. al., including *Berger Associates LLC*, *Philadelphia Postal Union Housing Corporation*, *American Postal Workers House*, *American Postal Workers House Associates LP*, and *801 Residence*, from approximately April 2017 to December 2021, acting through the management and control of employees and agents Defendants, Robert BERGER and Joseph BERGER, did act with intentional, and/or wanton disregarding for Plaintiff's requests and rights, with blatant and callous disregard to Plaintiff's reasonable accommodation requests and protected rights under federal law, as well as her rights as a tenant under the laws of the Commonwealth, and did knowingly, willfully, and intentionally act and  conspire to violate those protected rights.

50. Defendants 801 Residence/APWH, et. al. are in violation of misappropriation of federal funds, constituting fraud, and/or acted with grossly negligent, reckless, and wanton disregard

of Plaintiff's rights under federal and state law and needs, constituting misuse and misappropriation of federally funded programs, grants, and appropriations, amounting to a breach of fiduciary duty and unlawful taking of Plaintiff's federally subsidized rental money, causing injury to Plaintiff thereby.

51. Plaintiff reasonable relied to her detriment on Defendants 801 Residence/APWH, et. al. and their warranties of provided residential facilities that are in compliance with federal law and would accommodate her special needs.

52. Defendants 801 Residence/APWH, et. al., from December 2021 to the present, specifically Defendants *CRM*, vicariously liable to Plaintiff through the acting of their agents and employees, Defendants Nakeisha SIMMONS and Erica JOHNSON, did act with blatant and callous disregard to Plaintiff's reasonable accommodation requests and protected rights under federal law, and did knowingly, willfully, and intentionally act and did conspire to act to violate those protected rights, constituting a grossly negligent, reckless, and wanton disregard of Plaintiff's needs.

53. Defendants 801 Residence/APWH, et. al., from December 2021 to the present, specifically Defendants *CRM*, upon acquiring ownership and control of the federally subsidized and regulated residential property, did commit a flagrant misuse and abuse of federally funded programs, grants, and appropriations, constituting a breach of fiduciary duty and unlawful taking of federal funds, causing injury to Plaintiff, who did rely to her detriment on promises and warranties of compliance with federal law, and the ability to accommodate her special needs, which proved to be false and fraudulent.

### *Denied Requests for Reasonable Accommodations*

54. Plaintiff has made multiple requests, both verbally and/or in writing, for various reasonable accommodations and modifications, since April 2017 and through to the present time, and which relate directly to his disability and unreasonable difficulty in accessing basic services, such as kitchen facilities and utilities, bathroom facilities and utilities, closet storage and cabinets, functional heating and cooling units, safe and easily accessible windows that open and close without enormous strain, proper security which includes safety protocols and proper training of staff, access to common areas such as a balcony, computer room, and library, access which have been substantially impaired and obstructed, due to acts or omissions of Defendants, 801 Residence/APWH, et. al., since the inception of her residence, beginning in approximately April 2017.

55. Plaintiff has made maintenance requests, which due to the intentional, grossly negligent, and negligent handling by Defendants 801 Residence/APWH, et. al., under a totality of circumstances, lapses and negligence have deprived Plaintiff of the full right of quiet and peaceful use and enjoyment of her premises, and caused her injury such as slip-and-falls, and otherwise caused her frustration, grief, humiliation, inconvenience, and violated her rights to be free of disability discrimination under FHA, ADA, and Section 504.

*A. Kitchen ease of access*

56. Defendants 801 Residence/APWH, et. al. are liable to Plaintiff for engaging in a continuous and ongoing practice of disability discrimination, interfering with Plaintiff's quiet use and enjoyment of her residential unit, specifically depriving her of full and meaningful access to her kitchen facilities, including cabinetry, refrigerator, stove units, microwave, and other kitchen appliances.

57. Plaintiff has expressly requested repairs and modifications of her kitchen, for better access to her utilities, including improved access to the refrigerator and electric stove-top, microwave, and oven, which are not readily accessible to her from his motorized wheelchair due to disability.

58. Plaintiff has requested, both verbally and/or in writing, modifications of the kitchen cabinetry, including the lower and upper cabinets, which are not accessible to her due to disability.

59. Plaintiff has requested, both verbally and/or in writing, a modification of the kitchen sink, to access running water, which is not properly adjusted for height and inaccessible to her.

60. Plaintiff has requested, both verbally and/or in writing, better access to cabinets, pantry, and storage for her kitchen supplies, canned food, and other dry food items, which are not readily accessible to her because of her disability and the conditions on the premises in her unit.

61. Plaintiff has complained to her landlords Defendants 801 Residence/APWH, et. al., both verbally and/or in writing, of problems with access to the basic goods and services available in her residential unit's kitchen.

62. Plaintiff's lack of access to basic kitchen functions and utilities such as cabinetry, appliances, running hot and cold water, oven, refrigerator, microwave, etc. have caused her pain, suffering, frustration, humiliation, and grief, caused by lack of reasonable accommodations and being the fault of Defendants 801 Residence/APWH, et. al.

63. Defendants 801 Residence/APWH, et. al., specifically acting through legal entities, agents and employees, Defendants _BERGER ASSOCIATES_ LLC from April 2017 to December 2021, and through Defendants _CRM_, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, knowing, willful, and

intentional acts to deprive Plaintiff of her rights under state and federal law, with regards to inadequate kitchen access and lack of reasonable accommodations which, if provided, would provide Plaintiff a better quality of life in accord with her rights under federal law.

B. *Closet and storage doors in disrepair and cabinetry inaccessible*

64. Defendants 801 Residence/APWH, et. al. are liable to Plaintiff for engaging in a continuous and ongoing practice of disability discrimination, interfering with Plaintiff's quiet use and enjoyment of her residential unit, specifically depriving her of full and meaningful access to her cabinetry and failing to maintain in adequate repair her closet doors causing a dangerous and difficult to manage condition for years, since April 2017.

65. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions since the inception of her residency in April 2017, and through the present time, specifically that she could not access the kitchen cabinetry from her motorized wheelchair, without causing herself serious strain, risk of injury, as well as discomfort, pain and suffering.

66. Plaintiff reported verbally and/or in writing that accessing the kitchen cabinets have caused her to slip and fall, created great discomfort, frustration, grief, and other risks to bodily safety and actual injury, and completely deprived her of the basic use and enjoyment of her residential unit, beginning in April 2017 and thru to the present time.

67. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES LLC* from January 2014 to December 2021, and Defendants *CRM*, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of his rights under federal law, regarding adequate access to the kitchen cabinetry, and for failing to repair the close and cabinet doors leaving them unhinged and broken.

C. _Failing to conduct inspections and/or provided maintenance, evidenced by_
_lack of fresh coat of paint on walls and extremely worn and torn carpeting_

68. Defendants 801 Residence/APWH, et. al. are liable to Plaintiff for engaging in a continuous and ongoing practice of disability discrimination, interfering with Plaintiff's quiet use and enjoyment of her residential unit, specifically depriving her of basic maintenance and repairs, such as providing a fresh coat of paint, and failing to replace extremely worn and torn carpet, which has gone unreplaced and uninspected for years, since April 2017 thru to the present.

69. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions since the inception of her residency in April 2017, specifically that her walls were dirty and scuffed by years of wear and tear, and further that her carpeting was in such disrepair that it resembled concrete, felt extremely hard and cold, and provided no soft cushion or padding whatsoever.

70. Plaintiff complained to Defendants 801 Residence/APWH, et. al. that the floor in her residential unit was so hard like concrete because the carpet had never been replaced in years, causing her pain and discomfort.

71. Plaintiff complained to Defendants 801 Residence/APWH, et. al. that the ground being as hard as concrete worsened the pain when she fell in her unit because of the lack of soft padding or cushion to soften her impact on the floor.

72. Defendants 801 Residence/APWH, et. al., specifically Defendants _BERGER ASSOCIATES_
_LLC_ from April 2017 to December 2021, and Defendants _CRM_, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of her rights under federal law, regarding providing basic maintenance and repairs, for failing to make regular inspections,

provide a fresh coat of paint, and for failing to replace old carpeting that became hard as concrete and worn down to the cold floor, never conducting any updates or maintenance or replacement for years and years, from April 2017 thru to the present.

73. Plaintiff avers that Defendants _BERGER ASSOCIATES LLC_ from April 2017 to December 2021 failed to make any meaningful repairs of her residential unit, evidenced by the total lack of care and maintenance of basic things like paint and carpeting.

D. _Faulty electric outlets_

74. Plaintiff complained to her landlords Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and/or in writing regarding faulty electric outlets and television cable lines, which are not fully covered with protectors, and not fully functional, for instance when one device is plugged in, then the other outlet stops working and another device automatically, turns off due to lack of adequate power and/or faulty electric wiring.

75. Upon information and belief, the faulty electric wiring in Plaintiff's unit creates a dangerous condition and risk of fire and/or violations of the Philadelphia Code and other state and local law requirements.

76. Plaintiff complained to Defendants 801 Residence/APWH, et. al. that the electric outlets and t.v. cables were in disrepair, prompting her to cover some of them in packing tape, and further that the faulty outlets were an ongoing source of frustration and grief, discomfort and inconvenience in her own residential unit/home, from April 2017 thru to the present.

77. Defendants 801 Residence/APWH, et. al., specifically Defendants _BERGER ASSOCIATES LLC_ from April 2017 to December 2021, and Defendants _CRM_, from approximately December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of her

rights under federal law, by failing to provide basic maintenance and repairs, for failing to make regular inspections, and failure to make basic repairs to faulty electric outlets and cable outlets and wiring, which remained intentionally and/or grossly unattended and/or uninspected for years and years, from April 2017 thru to the present.

E. _Failing to make repairs to windows and blinds, leaving windows without proper screening, and inadequate heating and cooling systems_

78. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and/or in writing regarding her window shutter, blinds, and screen being in in total disrepair, including a  total lack of protective screens for her bedroom window, causing her to experience extreme difficulty in being able to open and close the window because of rust and other obstructions preventing ease of access to open and close the window, and a dangerous condition where the window lacks the proper protective screens, from April 2017 thru to the present.

79. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and/or in writing that her complaints regarding the ease of access to the window; explaining that she needs to open and close the window with ease was directly related to her lack of an adequately working heating and cooling unit, which created uncomfortable conditions that required her to use the window to bring cool air into the unit in the hot summer months, causing a dangerous condition lasting from April 2017 thru to the present.

80. Plaintiff complained to Defendants 801 Residence/APWH, et. al. that the lack of hearing and cooling in disrepair were an ongoing source of frustration and grief, discomfort and inconvenience in her own home, and further that the lack of attention to her window blinds and lack of screens on her window were a source of annoyance and vexation, and creating a

19

dangerous condition in her residential unit, as her window was openly exposed to a nearby parking lot from the 2nd floor of the property.

81. Defendants 801 Residence/APWH, et. al., specifically Defendants _BERGER ASSOCIATES LLC_ from April 2017 to December 2021, and Defendants _CRM_, from April 2017 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of her rights under federal law, regarding providing basic maintenance and repairs, for failing to make basic and regular inspections, failing to make basic repairs to heating and cooling systems, and failure to provide safety screening for her window, failure to repair the window to make it easier to open and close, all of which remained grossly and/or intentionally unattended and/or uninspected for years and years by her Landlord, from April 2017 thru to the present.

### F. _Bathroom ease of access_

82. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and/or in writing, of the extremely difficult and obstructive situation regarding adequate access to basic bathroom utilities, specifically the bathroom tub, sink, and toilet, beginning in April 2017, thru to the present.

83. Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, stating that her toilet was too small and not convenient for her, due to her disability, beginning in April 2017, thru to the present.

84. Plaintiff specifically complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, that the toilet was too small, the size for a child, not fit for adult use, too low, in disrepair, and extremely difficult to access from her motorized electric wheelchair, e.g. mobility device, beginning in April 2017, thru to the present.

85. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions since the inception of her residency in April 2017 and thru to the present, specifically that she could not access the bathroom tub easily from her motorized wheelchair, that she needed her wheelchair to enter the bathroom safely without causing herself serious risk of injury, and reported to her Landlord verbally and/or in writing that accessing the bathroom tub has caused her to slip and fall, and suffered discomfort, frustration, grief, and other risks to bodily safety and actual injury on multiple occasions.

***Slip and falls on the premises***

86. Medical records in the custody of Thomas Jefferson University hospital reveal that Plaintiff received medical treatment for multiple slip-and-falls that occurred on the residential premises of Defendants 801 Residence/APWH, et. al.

87. On August 26, 2021, Plaintiff suffered a slip-and-fall in her bathroom caused by the negligence of Defendants 801 Residence/APWH, et. al., grossly disregarding Plaintiff's reasonable accommodation requests for a bathroom facility that accommodates her disability and need for an electric wheelchair to access.

88. On June 21, 2020, Plaintiff suffered a slip-and-fall and injury, followed by a "black out" or temporarily losing consciousness, while on the residential premises, which was caused by the negligence of Defendants 801 Residence/APWH, et. al., and her Landlord's negligent handling of Plaintiff's reasonable accommodation requests for better access to her residential unit and common areas with her electric wheelchair, and negligently creating a dangerous condition on the property which is not safely accessible for disabled residents.

89. On March 23, 2020 Plaintiff suffered a slip-and-fall and injury, when she fell from her electric wheelchair, followed by a "black out" or temporary losing consciousness, while on

the residential premises, suffering a contusion on her Left hip, being caused by negligence of Defendants 801 Residence/APWH, et. al. and her Landlord's intentional and/or negligent mishandling of Plaintiff's reasonable accommodation requests for better access to her residential unit and common areas with her electric wheelchair, and a dangerous condition on the property which is not safely accessible for disabled residents.

90. On January 14, 2020, Plaintiff suffered a slip-and-fall and injury, falling again from her electric wheelchair, while on the residential premises, due to negligence of Defendants 801 Residence/APWH, and her Landlord's intentional and/or negligent mishandling of Plaintiff's reasonable accommodation requests for better access to her residential unit and common areas with her electric wheelchair, and a dangerous condition on the property which is not safely accessible for disabled residents.

91. On August 17, 2019, Plaintiff suffered a slip-and-fall and injury, falling from her electric wheelchair, while on the residential premises of Defendants 801 Residence/APWH, et. al., suffering right side pain and soreness, caused by negligence of of Defendants 801 Residence/APWH, and her Landlord's intentional and/or negligent mishandling of Plaintiff's reasonable accommodation requests for better access to her residential unit and common areas with her electric wheelchair, and a dangerous condition on the property which is not safely accessible for disabled residents.

92. On September 28, 2018, Plaintiff was admitted to the hospital for shooting pain at a level of 10/10 starting in the center of the chest, and shooting to her back, and up her neck after a dispute with Defendants 801 Residence/APWH, et. al., reported as much worse than her normal fibromyalgia pain and caused by her Landlord's intentional act and/or negligent mishandling of Plaintiff's reasonable accommodation requests for better access to her

residential unit and common areas with her electric wheelchair, and a dangerous condition on the property which is not safely accessible for disabled residents.

93. On March 5, 2018 Plaintiff was admitted to the hospital and underwent examinations to her ribs, elbow and wrist after she suffered a fall on the residential premises, caused by negligence of Defendants 801 Residence/APWH, et. al., and her Landlord's intentional and/or negligent mishandling of Plaintiff's reasonable accommodation requests for better access to her residential unit and common areas with her electric wheelchair, and a dangerous condition on the property which is not safely accessible for disabled residents.

94. On January 28, 2018, Plaintiff suffered injury caused by fall on the premises of Defendants 801 Residence/APWH, et. al., causing shoulder pain, rib pain, low back pain on right side and left foot pain, the slip-and-fall being caused by negligent mishandling of Plaintiff's reasonable accommodation requests for better access to her residential unit and common areas with her electric wheelchair, and a dangerous condition on the property which is not safely accessible for disabled residents.

95. Plaintiff suffered injuries due to the multiple slip-and-falls that occurred on the residential premises, causing her body to impact directly with the floor and/or side of the bathtub, and other areas in her bedroom.

96. Plaintiff would not have fallen in her bathroom, or elsewhere on the premises, but for the lack of adequate bathtub facilities, appliances and adjustments needed to accommodate her disability, causing discomfort, pain and suffering, which are the responsibility of her landlord Defendants 801 Residence/APWH, et. al.

97. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions, specifically that she could not access the bathtub, bathroom sink, and toilet easily from her motorized wheelchair, causing her lack of adequate access to these utilities and services.

98. Plaintiff complained to Defendants 801 Residence/APWH, et. al., on multiple occasions since the inception of her residency in April 2017, specifically that she could not access the bathtub, bathroom sink, and toilet, without great discomfort and difficulty, and risk of injury, and that she was in fact injured as a result, suffering slip and fall, on a number of occasions, as evidenced by medical records, from approximately March, 2018 thru to the present.

99. Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES LLC* from April 2017 to December 2021, and Defendants *CRM*, from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of her rights under federal law, regarding adequate access to the bathroom facilities, specifically the tub, sink, and toilet; and/or for failing to conduct inspections or inquiries into Plaintiff's special needs, and/or failing to provide adequate maintenance, repair, and/or for making replacement of her toilet and/or sink and/or bathtub in order to meet the standards of reasonable accommodation required under FHA, ADA, and Section 504, and for failing to correct or repair a known dangerous condition on the property which created a risk of slip-and-falls causing injuries to Plaintiff.

*G. Lapses in providing adequate security and third-party criminal incident*

100.    Plaintiff requires various guests to attend to her special needs, medical treatment, and care, specifically home health aides which make visits on a regular basis, due to her disability and medical needs.

101.    Plaintiff's medical and special needs which require frequent visitation of medical health and home-aid health care professionals were known to her Landlords, Defendants 801 Residence/APWH, et. al. from April 2017 thru to the present.

102.    Defendants 801 Residence/APWH, et. al. does not utilize proper guest-announcing or room paging technology or other auxiliary aids, and/or fails to provide other types of security services, implement adequate security regulations or safety protocols, as would reasonably prevent unauthorized individuals from gaining access to the premises and/or Plaintiff's residential unit.

103.    Defendants 801 Residence/APWH, et. al. do not properly check and announce visitors coming onto the property and entering the property, for instance, failing to check the identity of individuals coming onto the property, failing to check the identity of individuals claiming to be Plaintiff's guests in advance, and thus were grossly and/or negligent in causing a dangerous condition, and/or obstructions and interferences with Plaintiff's ability to receive proper and timely assistance from both her guests and home health aides, and further causing a dangerous condition involving security breaches and unwanted invasions and intruders, for whom agents and employees of Defendants 801 Residence/APWH, et. al. were on adequate notice, and failed to take adequate and reasonable steps to prevent.

104.    On or around January 26, 2023, Plaintiff was violently attacked and sexually assaulted by an unwanted intruder that she did not permit, but was grossly and/or negligently permitted entry by her landlord Defendants 801 Residence/APWH, et. al.

105.    Plaintiff filed a police complaint and report and obtained a DC# for the incident.

106.    Defendants 801 Residence/APWH, et. al. owed a duty of care to Plaintiff to provide adequate security measures, and breached that duty of care by failing to provide adequate

security measures for its disabled residents, and but for that gross and/or negligence in failing to provide adequate security measures, Plaintiff was victimized and sexually assaulted inside her own residential unit by an unknown assailant because of that security breach.

107.    Plaintiff complained to Defendants 801 Residence/APWH, et. al. on multiple occasions, verbally and/or in writing, regarding lack of adequate security on the premises, and provided photographs of the suspected assailant to security as a protective measure, which her Landlord grossly and/or negligently ignored, disregarded, and failed to respond adequately.

108.    Defendants 801 Residence/APWH, et. al., specifically Defendants *BERGER ASSOCIATES LLC* from April 2017 to December 2021, and Defendants *CRM* from December 2021 to the present, are liable to Plaintiff because of their negligent, grossly negligent, reckless, and knowing, willful, and intentional acts to deprive Plaintiff of her rights under state and federal law, failed to provide adequate security on the property, failed to take reasonable steps as would have prevented unwanted intruders and third-parties from committing criminal acts on the premises, as occurred to Plaintiff.

109.    Defendants 801 Residence/APWH, et. al., specifically Defendants Erica JOHNSON and Nakeisha SIMMONS, have personal knowledge and are aware of the incident in which Plaintiff complained of regarding the third-party criminal incident, which involved a grave lapse in security measures when an unauthorized intruder was not prevented from coming onto the property, and grossly and/or negligent permitted access onto the premises and then sexually assaulted Plaintiff.

### *Photographic Evidence*

110.    Plaintiff offers the following photographic evidence which demonstrates the difficulty of ease of access to various services from his motorized wheelchair inside his residential unit.

111.    Plaintiff demonstrates her inability to fully access her kitchen from her motorized

wheelchair, due to lack of adequate space, which includes lack of access to her refrigerator.



112.    Plaintiff demonstrates inadequate access to her oven and stovetop for cooking.



113.    Plaintiff demonstrates inadequate access to her kitchen sink.



114.    Plaintiff demonstrates her inability to access the kitchen upper cabinets and pantry items.



115.    Plaintiff demonstrates closet doors that are unhinged and obstructive to her access.



116.    Plaintiff demonstrates more closet doors that are unhinged and obstructive to her access.



117.    Plaintiff demonstrates her inability to access closet and storage space, some left unused.



118.    Plaintiff demonstrates her bed and bedroom walls left unpainted and scuffed for years.



119.    Plaintiff demonstrates the inadequacy of solely one light fixture for both bedroom and

living room spaces, leaving her room inadequately lit causing a dangerous condition.

  

120.    Plaintiff demonstrates scuffed and unpainted walls which remained uninspected for years.

   

121.    Plaintiff shows carpeting beaten down and worn to the concrete unreplaced for years.

    

122.    Plaintiff demonstrates unsafe and dysfunctional electric outlets and t.v. cable cords.



123.    Plaintiff demonstrates more unsafe and dysfunctional electric outlets.



124.    Plaintiff demonstrates faulty and dangerous electrical outlets in her kitchen and t.v. room.



125.    Plaintiff demonstrates window blinds in disrepair, uninspected and not fixed for years.



126.    Plaintiff demonstrates her room window lacks a screen and her heating and cooling unit

in complete disrepair and uninspected for years.



127.    Plaintiff demonstrates a high level of difficulty accessing her bathroom door from her

motorized scooter.



128.    Plaintiff demonstrates difficulty entering her bathroom from her motorized wheelchair.

   

129.    Plaintiff demonstrates inadequate size of her bathroom, and utilities such as her toilet and

bathtub, which is difficult to safely access from her motorized wheelchair.

   

## COUNT I

## VIOLATIONS OF THE FAIR HOUSING ACT (FHA)

130.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 129 including any and all pertinent factual

pleadings contained, therein for purposes of Count I.

131.    Defendants 801 Residence/APWH, et. al. are in direct violation of the clear mandates of

the FHA in their persistent, continuing, continuous and ongoing misconduct and violations of

federal and state anti-discrimination laws, committing multiple violations which amount to a

pattern of malicious intimidation, coercion, and harassment, and further their actions and

omissions, being intentional, reckless, grossly negligent, and/or negligent, and by acting in

blatant and wanton disregard of Plaintiff's rights as a disabled and handicapped person, and

in retaliation against Plaintiff for availing herself of her rights, privileges and immunities

under federal and state law.

132.    Defendants 801 Residence/APWH, et. al. engaged in unlawful discrimination on the basis

of Plaintiff's disability when she was repeatedly and continuously deprived of reasonable

accommodations, expressly and unequivocally requested, both verbally and/or in writing.

133.    Defendants 801 Residence/APWH, et. al. engaged in unlawful discrimination on the basis

of Plaintiff's disability when absolutely no consideration was given to her reasonable

requests for a larger residential unit to accommodate his motorized scooter and disability.

134.    Defendants 801 Residence/APWH, et. al., including *BERGER ASSOCIATES LLC*, acting

through their employees and agents Defendants, Robert BERGER and Joseph BERGER, and

Max BERGER from April 2017 to December 2021, acted with blatant and callous disregard

to Plaintiff's requests and protected rights under federal law, knowingly, willfully, and

conspiring and acting intentionally to violate those protected rights.

135.    Defendants 801 Residence/APWH, et. al. actions constitute intentional violations and

wanton disregard of Plaintiff's known rights and a flagrant misuse and abuse of a federally

funded programs, grants, and appropriations, i.e. unlawful taking and use of federal funds, by

failing to provide the non-exhaustive list of the following: additional grab bars, a bathroom

with accessible facilities for a person with Plaintiff's disability, easier access to common

areas, easier doors to open/close, lowered or height adjusted kitchen counters and appliances,

a shower unit that is easily accessible from a motorized wheelchair, handicapped accessible

bathtub, effective air-conditioning and heating units, and a larger residential unit.

## COUNT II

### AMERICANS WITH DISABILITIES ACT (ADA)

136.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 135, including any and all pertinent factual

pleadings contained therein, for purposes of Count II.

137.    Defendants 801 Residence/APWH, et. al. are subject to the requirements of Title III of

the ADA and the federal law prohibitions against disability discrimination and requirements

of reasonable accommodations and modifications.

138.    Defendants 801 Residence/APWH, et. al. receive federally subsidized rent from disabled

residents, including Plaintiff, and did commit egregious violations of the ADA, in blatant and

wanton disregard of Plaintiff's protected rights, causing her injury.

139.    Plaintiff is entitled to injunctive relief for violations of Title III of the ADA which is

made available in this private suit pursuant to 28 C.F.R. § 36.501.

140.    Plaintiff is entitled to attorney's fees for attorney's fees, litigation costs and expenses

pursuant to 28 C.F.R. § 36.505 for violations of Title III of the ADA.

## COUNT III

### SECTION 504, REHABILITATION ACT OF 1973

141.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 140, including any and all pertinent factual

pleadings contained, therein for purposes of Count III.

142.    Defendants 801 Residence/APWH, et. al. are subject to the requirements of Section 504

of the Rehabilitation Act of 1973, and its prohibitions against disability discrimination and

requirements of reasonable modifications, as a private organization, principally engaged in

the business of housing, and conducting a program or activity that receives federal financial

assistance or funding.  29 U.S.C. § 794; 42 U.S.C. §§  3535(d), and 5309

143.    Defendants 801 Residence/APWH, et. al., including _BERGER ASSOCIATES LLC_, acting through its employees and agents Defendants, Robert _BERGER_, Joseph _BERGER,_ and _Max BERGER_, from April 2017 to December 2021, acted with blatant, wanton, and callous disregard to Plaintiff's requests and protected rights under federal law, in violation of Section 504, causing injury to Plaintiff.

144.    Defendants 801 Residence/APWH, et. al., including _HUDSON VALLEY PROPERTY GROUP_, _801 RESIDENCE LP_, _CRM_, acting through its employees and agents Defendants, Nakeisha _SIMMONS_ and Erica _JOHNSON,_  from December 2021 to the present, acted with blatant, wanton, and callous disregard to Plaintiff's requests and protected rights under federal law, in violation of Section 504, causing injury to Plaintiff.

145.    Defendants 801 Residence/APWH, et. al. acts and omissions constituted a pattern of knowingly, willfully, and intentionally conspired and intended to violate Plaintiff's rights constituting a flagrant misuse and abuse of federally funded programs, grants, and appropriations, causing injury to Plaintiff.

## COUNT IV

### FHA Sec. 3617 Intimidation Coercion and Harassment

146.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 145, including any and all pertinent factual pleadings contained therein for purposes of Count IV.

147.    Defendants 801 Residence/APWH, et. al., specifically _BERGER ASSOCIATES_, acting through its employees and agents Defendants, Robert _BERGER_, Joseph _BERGER_, and _Max BERGER_ from April 2017 to December 2021, did cause Plaintiff to suffer intimidation, coercion, and harassment, causing her personal security issues, and did use verbal threats

deterring Plaintiff from making further complaints and grievances regarding

her reasonable accommodation requests.

148.    Defendants 801 Residence/APWH, et. al., including *HUDSON VALLEY PROPERTY*

*GROUP*, *801 RESIDENCE LP*, and *CRM* acting through its employees and agents

Defendants, Nakeisha *SIMMONS* and Erica *JOHNSON*,  from December 2021 to the present,

did cause Plaintiff to suffer intimidation, coercion, and harassment, deterring her from

making further complaints and grievances regarding her reasonable accommodations.

149.    Defendants 801 Residence/APWH, et. al., *HUDSON VALLEY PROPERTY GROUP*, *801*

*RESIDENCE LP* including *CRM*, acting through its employees and agents Defendants,

Nakeisha *SIMMONS* and Erica *JOHNSON*,  from December 2021 to the present, did cause

Plaintiff to suffer intimidation, coercion, and harassment, deterring her from making

further complaints and grievances regarding her reasonable accommodations.

150.    Defendants 801 Residence/APWH, et. al., *HUDSON VALLEY PROPERTY GROUP*, *801*

*RESIDENCE LP* including *CRM* acting through its employees and agents Defendants,

Nakeisha *SIMMONS* and Erica *JOHNSON*, did hire agents and/or contractors through a temp

agency, and thereby did suffer or permit an Unknown individual nicked named "Brother

Love", who did intentionally cause Plaintiff to suffer sexual harassment, intimidation,

coercion, and general harassment, as well as assault, and verbal threats, to which Plaintiff

made multiple complaints to her Landlord who failed to take any decisive action.

151.    Defendants 801 Residence/APWH, et. al., specifically Defendants Joseph BERGER and

other agents and employees, treated Plaintiff in a rude, aggressive, patronizing, intimidating,

dismissive, and offensive way that deters her from making grievances in a harassing and

coercive way, particularly in response to Plaintiff's requests for a reasonable accommodation.

## COUNT V
### Negligence

152.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 151, including any and all pertinent factual pleadings contained, therein for purposes of <u>Count V</u>.

153.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff under a state-based theory of negligence where a duty of care to provide housing goods and services exists between landlord and tenant, an egregious breach of that duty has occurred, and which continued to occur since the inception of Plaintiff's tenancy in April 2017, and Plaintiff has sustained various injuries such as slip-and-fall in her bathroom and bathtub, pain and suffering, related to difficulty of ease of access onto common areas of the premises, loss of personal security and safety as a result of lapses in security measures, discomfort, frustration and pain due to lack of adequate access to kitchen utilities, and other interferences with quiet use and enjoyment of the premises, as a direct result and cause of that negligence.

154.    Defendants 801 Residence/APWH, et. al. owed a special duty of care to Plaintiff, based on notice of Plaintiff's disability, taking steps towards acknowledging Plaintiff's requests, causing Plaintiff to reasonably rely on those assurances, and blatantly disregarded Plaintiff's complaints and grievances, despite Plaintiff's requests for reasonable accommodations.

155.    Defendants 801 Residence/APWH, et. al. owes a duty of care to Plaintiff as a disabled resident of its federally subsidized property.

156.    Defendants 801 Residence/APWH, et. al. owes a duty of care to Plaintiff as a disabled resident of its federally subsidized property breached that duty of care by failing to provide adequate housing as required under her residential lease agreement, as well as federal law and regulations; e.g. FHA, ADA, and Section 504.

157.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff for punitive damages
under an assumption of duty of care based on knowledge and awareness of Plaintiff's
protected rights under a federal law, and a heightened duty of care owed to tenants by a
landlord who receives federal funds and holds themselves out as compliant with HUD, ADA,
FHA, and Section 504, and federal regulations designed to prevent disability discrimination.

158.    Defendants 801 Residence/APWH, et. al. acted intentionally, wantonly and recklessly in
known disregard of the risks to Plaintiff's special needs, given their requirement to comply
with federal law under the federal regulations promulgated by U.S. Department of Housing
and Urban Development (HUD).

159.    Defendants 801 Residence/APWH, et. al. breached its duty of care to Plaintiff as a
disabled resident who requires reasonable accommodations throughout the premises and in
her residential unit, and who suffered multiple slip-and-falls

## COUNT VI
### Negligence Per Se

160.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 159 including any and all pertinent factual
pleadings contained, therein for purposes of Count VI.

161.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff under a theory of
negligence *per se,* because the FHA, ADA, and Section 504 embody statutes and regulations,
which the landlord must follow, being promulgated by the federal government and HUD,
which outline a scope of obligations, promises, and a duty of care required for landlords
managing a residential premises and owed to tenants who have special needs and disabilities.

162.    Plaintiff is a disabled resident of a federally funded activity or program to provide
housing and falls under an intended class of persons that FHA, ADA, and Section 504 are
designed to protect.

163.    Plaintiff is entitled to sue her landlord for state-based torts in negligence. <u>Feleccia v.</u>
        <u>Lackawanna Coll.</u>, 215 A.3d 3 (Pa. 2019); <u>Feld v. Merriam</u>, 485 A.2d 742 (Pa. 1984)

164.    Defendants 801 Residence/APWH, et. al. have acted with intentional, gross, reckless, and
        wanton disregard for the federal rules and regulations outlined by FHA, ADA, and Section
        504 and grossly negligence and reckless disregard of Plaintiff's rights, safety, well-being and
        right to be free from disability discrimination under these anti-discrimination laws, thus
        violating a presumed duty of care owed to its tenant with special needs and disabilities.

165.    Defendants 801 Residence/APWH, et. al. violation of FHA, ADA, and Section 504 are
        the direct cause of Plaintiff's injuries, impaired quiet use and enjoyment of her residential
        unit, deprivation of rights under the Landlord Tenant Act of 1951 and Philadelphia Code.

**COUNT VII**

**Defamation, Libel, Slander**

166.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 165, including any and all pertinent factual
        pleadings contained, therein for purposes of <u>Count VII</u>.

167.    Defendants 801 Residence/APWH, et. al. upon information and belief, have published
        incorrect information to HUD regarding Plaintiff's tenancy, causing her injury and
        damage  to her reputation, such as false allegations of material lease violations.

168.    Defendants 801 Residence/APWH, et. al. violation of FHA, ADA, and Section 504 are
         the direct cause of Plaintiff's injuries, impaired quiet use and enjoyment of her residential
unit, deprivation of rights under the Landlord Tenant Act of 1951 and Philadelphia Code.

**COUNT VIII**

**Fraud**

169.    Plaintiff hereby incorporates paragraphs ¶¶ 1 - 168, including any and all pertinent factual
        pleadings contained, therein for purposes of <u>Count VIII</u>.

40

170.    Defendants 801 Residence/APWH, et. al. are liable to Plaintiff under a theory of fraud, having represented to Plaintiff, various third-parties, and to other residential tenants that they are fully equipped and compliant with federal statutes, and their disability anti-discrimination laws and mandates, such as the FHA, ADA, and Section 504.

171.    Defendants 801 Residence/APWH, et. al. use false information, false advertising and due use false pretenses to induce residential tenants with special needs to apply for housing, knowing that they are not in compliance, as advertised on www.hud.org and other platforms.

172.    Defendants 801 Residence/APWH, et. al. use false information, false advertising, make false reports, and use false pretenses to induce federal agencies and obtain funding and federal assistance, administered through federal and state agencies, such as HUD.

## COUNT IX
### Damages

173.    Plaintiff has suffered serious bodily injuries and hospitalizations, as a result of the intentional, and/or grossly, and/or negligent mishandling of her reasonable accommodation requests, by her Landlord, Defendants 801 Residence/APWH, et. al., causing her to suffer pain, humiliation, frustration, and grief.


    WHEREFORE, Plaintiff avers that Defendants 801 Residence/APWH, et. al. are liable to her and respectfully requests an award of damages in excess of $150,000, injunctive relief, and any other form or relief this Honorable Court deems just and proper.

Date:  05/16/2023                              Respectfully submitted,

/s/  *Lucas T. Nascimento, Esq.*
Lucas T. Nascimento, Attorney at Law
Land Title Building
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | ) | |
| TAKISHA D. DONALDSON | ) | |
| Plaintiff, | ) | CIVIL ACTION No. _____ |
| *v.* | ) | |
| | ) | |
| AMERICAN POSTAL WORKERS | ) | <u>Civil Action for</u>: Disability Discrimination |
| HOUSE (APWH) , et. al. | ) | Fair Housing Act (FHA), Americans With |
| | ) | Disabilities Act (ADA), Punitive Damages, |
| | ) | Injunctive Relief <u>Pennsylvania State-related</u> |
| | ) | <u>claims</u>: negligence, intentional and gross |
| | ) | infliction of emotional distress, |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |

**VERIFICATION**

Pursuant to Fed.R.Civ.P. Rule 11, the undersigned counsel avers, under penalty of perjury, that the facts and averment contained in the foregoing Verified Complaint are true and correct to the best of his knowledge, understanding and belief.

 /s/ Lucas T. Nascimento, Esq.

Date:    05/16/2023

Lucas T. Nascimento, Attorney at Law
100 S. Broad St., Ste. 1830
Philadelphia, PA 19110
P: 215-944-4428
C: 609-703-3441
Nascimentolaw@gmail.com